ROGERS & LYON, RECEIVERS, v. C. H. COZART AND W. L. UMSTEAD.

(Filed 15 December, 1926.)

1. **Banks and Banking—Corporations—Reorganization — Notice — Meetings—Implied Notice—Evidence.**

Where the complaining stockholders rely upon a failure to give special notice at a regular meeting of the reorganization of a bank under a different name, etc., and deny individual liabilty upon the ground that the reorganzation was invalid, evidence that they signed proxies to be used at this meeting, were given notice to exchange their old shares for the new, and that they permitted the new organization to continue business for two years without objection, etc., is sufficient notice to give validity to the reorganization and to make them individually liable for an assessment made by the receivers in an action lawfully brought under the direction of the court.

2. **Same—Collateral Attack.**

The validity of a reorganization of a banking institution cannot be collaterally attacked by stockholders seeking to avoid individual liability upon the ground of want of notice of the meeting of the stockholders at which the appropriate resolution therefor had been passed; under the facts of this case.

3. **Same—Consent to Liquidation and Reorganization.**

*Held,* under the facts of this case the questions of whether the defendants had actually exchanged their old shares of stock for those in the reorganized bank, or their consent to the liquidation of the old bank and the reorganization of the new one, are not decisive of the defendant's individual liability to assessment under the provisions of our statute.

APPEAL by defendants from *Devin, J.,* at April Term, 1926, of GRANVILLE. No error.

Action to recover an assessment on bank stock. The plaintiffs are receivers of the Planters Bank & Trust Company. In November, 1925, they reported to the Superior Court that in their opinion it would be necessary to assess the stockholders of the bank to the extent of their full liability on the stock. After due notice the judge of the Superior Court holding the courts of the Tenth Judicial District instructed the receivers on 18 December, 1925, to bring suit against all the stockholders, including the defendants. The suit was brought and the plain-

tiffs alleged that they were entitled to recover of the defendant, Cozart, the sum of $1,500, and of the defendant, Umstead, the sum of $700.

In their answer the defendants alleged that they had been stockholders in the First National Bank of Creedmoor, which was put in course of liquidation on 8 January, 1923; that its officers and directors without authority had thereafter applied to the N. C. Corporation Commission for a charter to do a banking business under the name of the Planters Bank & Trust Company; that at the organization of this bank less than a majority of the stock in the First National Bank of Creedmoor had been represented; that the Bank & Trust Company had not been legally organized, and that the defendants were not holders of any of its stock. The presiding judge instructed the jury to answer the first issue "Yes," and the second as to Cozart "$1,500," and as to Umstead "$700," if the jury should find the facts as testified to be true. Thereupon the following verdict was returned.

1. Were the defendants stockholders in the Planters Bank &. Trust Company at the time of the appointment of the receivers thereof?

Answer: Yes.

2. Are the defendants indebted to the plaintiffs on account of assessments on said stock, and if so in what amount?

Answer as to C. H. Cozart, $1,500.

Answer as to W. L. Umstead, $700.

Judgment was rendered for the plaintiffs and the defendants appealed upon exceptions duly entered.

*Royster & Royster and A. W. Graham & Son for plaintiffs.*
*John W. Hester and T. Lanier for defendants.*

ADAMS, J. The controversy is reduced to two points raised by the exceptions: (1) whether at the close of the plaintiffs' evidence, the defendants having offered none, the action should have been dismissed as in case of nonsuit, and (2) whether there was error in the instructions given the jury, or in the refusal to give the instructions prayed.

In our opinion both points must be resolved against the defendants. They first take the position that the liquidation of the First National Bank of Creedmoor and the organization of the Planters Bank & Trust Company was without legal sanction and that they are not bound thereby, especially as to the latter—that the resolution purporting to authorize the surrender of the charter of the First National Bank and the incorporation of the Planters Bank & Trust Company was passed at a regular annual meeting of the stockholders held on 9 January, 1923, and that no notice was given them of the transaction of any unusual business. Thompson says that as a general proposition of law it is doubt-

less true, subject to exceptions, that notice need not be given of special business to be transacted at the regular meetings of the stockholders. 1 Thompson on Corp. (2 ed.), sec. 821. There is evidence that in this meeting the defendants were represented by proxy. They contend, it is true, that in their written appointment no proxy was named; but each of these appointments was signed by the defendants, who, of course, had personal notice of the meeting, and their stock was voted. Even if the special business required a notice of its nature and scope, the minutes of the Planters Bank & Trust Company show that in a meeting held on 28 February, 1923, it was resolved that before the completion of the organization all the stockholders of the liquidating First National Bank of Creedmoor should be notified to attend an adjourned meeting of the incorporators or stockholders in order that a proper exchange of the stock could be effected. 3 C. S., 217(m). All the stockholders were notified and the adjourned meeting was held on 5 March, 1923. Certificates of stock were duly signed by the president and the cashier; they were left in the stock book and not delivered, but the issue of stock was at least impliedly authorized in the meeting of 9 January, 1923, by a vote of 427 in favor of and 73 against the surrender of the old charter and the incorporation of the new bank. During these transactions the defendants neither protested nor objected; and in any event they were entitled to all the privileges of stockholders. C. S., 1170. If the bank had been successful and dividends had been declared each of the defendants could have recovered of the bank his proportionate part of the income, and it would be inequitable to permit them, with undoubted knowledge of the facts, after the lapse of two years or more to deny that they were stockholders in the Planters Bank & Trust Company, which is now insolvent.

The defendants argue that the resolution appended to the articles of incorporation is invalid because one of the witnesses testified that he had not found any minutes of the meeting held on 9 January. We find no exception to the introduction of the resolution; but if an exception had been taken we do not perceive how it could avail the defendants in a collateral attack upon the organization of a bank which transacted a regular banking business *de facto,* if not *de jure,* for a period of two or three years to the knowledge of both defendants, one of whom at least was a depositor.

Whether the defendants ever made an actual exchange of their stock in the First National Bank for stock in the Planters Bank & Trust Company is not necessarily decisive of their liability; nor is the question whether they consented to the liquidation of the former bank and the organization of the latter. According to the record these matters were legally determined by the stockholders.

We think the learned judge before whom the case was tried was correct in denying the defendants' motion for nonsuit, in declining their prayers for instructions, and in giving the instructions pertinent to the issues submitted.

We find

No error.